IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREA JOHNSON                                                    PLAINTIFF

v.                              Case No. 4:14-cv-04078

JOHN W. WALKER, P.A.                                             DEFENDANT

## ORDER

Before the Court are Plaintiff's Motions to Exclude Testimony. (ECF Nos. 29 & 30).

Defendant has responded.[1]  (ECF Nos. 38 & 40).  These matters are ripe for the Court's

consideration.

Plaintiff seeks to exclude the testimony of Defendant's experts Austin Porter and Shawn

Childs.  These witnesses are attorneys who intend to testify about fee arrangements between

attorneys and their clients.  Plaintiff contends that the opinions of Porter and Childs are not

relevant to the material issues in this case.

The starting point for analyzing expert testimony is Federal Rule of Evidence 702, which

provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training,
> or education may testify in the form of an opinion or otherwise if: (a) the expert's
> scientific, technical, or other specialized knowledge will help the trier of fact to
> understand the evidence or to determine a fact in issue; (b) the testimony is based
> on sufficient facts or data; (c) the testimony is the product of reliable principles
> and methods; and (d) the expert has reliably applied the principles and methods to
> the facts of the case.

The Court has a gatekeeping responsibility to "ensur[e] that an expert's testimony both rests on a

reliable foundation and is relevant to the task at hand." *Kumho Tire Co. v. Carmichael*, 526 U.S.

---

[1] Plaintiff filed Motions to Strike seeking to strike Responses as untimely filed. (ECF Nos. 43 & 44). Pursuant to
Rules 5 and 6 of the Federal Rules of Civil Procedure, the Court finds that Defendant's Responses were timely filed.
Accordingly, Plaintiff's Motions to Strike Defendant's Responses (ECF Nos. 43 & 44) are **DENIED**.

137, 141 (1999). "Among the factors to consider is whether the 'expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'" *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993) (quoting *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir.1985)).

Here, both Porter and Childs have the requisite knowledge, experience, and education to testify about fee arrangements between attorneys and clients. Porter has practiced employment discrimination law for 26 years, has represented clients in hundreds of cases, and has entered into fee agreements with those clients. Childs has practiced civil rights law since 1998 and has represented clients in over 100 employment law cases. The Court finds that Porter's and Childs' knowledge and experience regarding fee arrangements is sufficiently reliable.

Plaintiff contends that Porter's and Childs' testimony is not relevant to material issues in this case because they do not proffer any opinions regarding Plaintiff's allegations of breach of fiduciary duty, deceit, conversion, and breach of contract. The Court disagrees. Porter and Childs intend to testify about fee arrangements between attorneys and their clients. Plaintiff's claims center around the formation of a fee agreement between Plaintiff and Defendant. Thus, the court finds that Porter's and Childs' proffered testimony is sufficiently tied to the facts of the case to aid the jury in a factual dispute.

For the reasons stated above, the Court finds that Plaintiff's Motions to Exclude Testimony (ECF Nos. 29 & 30) should be and hereby are **DENIED**.

**IT IS SO ORDERED**, this 9th day of June, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

2