IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREA JOHNSON                                                                PLAINTIFF

v.                          Case No. 4:14-cv-04078

JOHN W. WALKER, P.A.                                                          DEFENDANT

## ORDER

Before the Court are Plaintiff's Motions in Limine 1-12 (ECF No. 32). Defendant has responded. (ECF No. 47). This matter is ripe for the Court's consideration. The Motion will be granted in part and denied in part as follows:

1. Plaintiff asks the Court to exclude statements made in furtherance of settlement negotiations. Testimony or evidence about settlement negotiations between Andrea Johnson and John W. Walker, P.A. in the present suit against John W. Walker, P.A are deemed inadmissible. However, Defendant objects to the exclusion of statements made in furtherance of settlement negotiations in the underlying case of *Andrea Johnson v. TASD*. The Court agrees that statements made in furtherance of settlement negotiations in the underlying case of *Andrea Johnson v. TASD* could be relevant and admissible. Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**. If the parties want to admit statements made in furtherance of settlement negotiations in the underlying case of *Andrea Johnson v. TASD* at trial, then the parties must approach the bench and obtain a ruling.

2. Plaintiff asks the Court to exclude any claims or theories not alleged by Defendant in its Amended Answer. Defendant objects to this request. It is not clear to the Court what claims and theories the Plaintiffs would like the Court to exclude. Thus, the Court will take up the

admissibility and relevance of specific pieces of evidence as they are presented at trial. Accordingly, the motion is **DENIED WITHOUT PREJUDICE** at this time.

3. Plaintiff asks the Court to exclude statements by attorneys on the record at depositions, other than a valid objection, including any opinion or definition of a term given while conducting a deposition. Defendant does not object but asks that the Court also apply this exclusion to Plaintiff. Plaintiff's motion is **GRANTED**. The parties are prohibited from referencing an attorney's statement on the record at depositions, other than valid objections.

4. Plaintiff asks the Court to exclude any privileged communications or transactions between Andrea Johnson and Andrea Johnson's attorneys. Defendant objects to this request to the extent that Plaintiff is asking to exclude communications between Andrea Johnson and John Walker about the underlying case of *Andrea Johnson v. TASD*. It is unclear to the Court whether Plaintiff seeks to exclude privileged communications between Andrea Johnson and John Walker in the underlying case, or privileged communications between Andrea Johnson and her attorneys in the current case. Thus, the Court will take up the admissibility and relevance of specific pieces of evidence as they are presented at trial. Accordingly, the motion is **DENIED WITHOUT PREJUDICE** at this time.

5. Plaintiff asks the Court to exclude any mention or reference to a witnesses not expressly identified by Defendant prior to the end of the discovery period. Defendant objects to this request. The Court has insufficient information to grant Plaintiff's Motion at this time. The Court will address any issues regarding the admissibility of references to witnesses at trial. Accordingly, the motion is **DENIED WITHOUT PREJUDICE** at this time.

6. Plaintiff asks the Court to exclude any mention of or reference to any witness that Andrea Johnson has not called to testify, and any reference to the probable testimony of any

2

witness who is absent or unavailable to testify. Defendant contends that it is proper and permissible to make reference to a witness who has not been called at trial. The court is unclear as to the specific witnesses not called and does not have enough information at this time to make an informed decision as to whether references to these absent or unavailable witnesses should be excluded pursuant to Rule 403. Accordingly, the motion is **DENIED WITHOUT PREJUDICE** at this time.

7. Plaintiff asks the Court to exclude any deposition testimony to which a proper objection was made. No party has moved to enter any deposition testimony at trial. If deposition testimony is used at trial for impeachment purposes, the parties may call to the attention of the Court any deposition testimony to which there was an objection and obtain a ruling. Accordingly, the motion is **DENIED WITHOUT PREJUDICE** at this time.

8. Plaintiff asks the Court to exclude any demand or requests by defense counsel before the jury for matters contained in Plaintiff's and counsel's files. Defendant does not object but asks that the Court also apply this exclusion to Plaintiff and Plaintiff's counsel. Plaintiff's motion is **GRANTED**. The parties are prohibited from making demands or requests for matters contained in the opposing party's counsel's file in front of the jury.

9. Plaintiff asks the Court to exclude any mention or reference to any other claim, injury, or lawsuit alleged to involve Plaintiff other than Plaintiff's underlying suit against the Texarkana Arkansas School District, *et. al.* It is not clear what claims, injuries, or lawsuits Plaintiff is referring to in her motion. Defendant contends that there are instances in which other lawsuits are relevant and admissible. The Court does not have sufficient information to grant Plaintiff's Motion at this time. The Court will address any issues regarding the admissibility of references

to other claims, injuries, or lawsuits alleged to involve Plaintiff at trial. Accordingly, the motion is **DENIED WITHOUT PREJUDICE** at this time.

10. Plaintiff asks the Court to exclude any evidence supporting an issue not contained in the pretrial disclosure statements. Plaintiff requests that the Court prohibit Defendant from introducing any witnesses, exhibits, or evidence relating to matters outside the scope of the pretrial disclosure statements, or delving into tangential matters. Defendants object. The Court does not have sufficient information to rule at this time. Thus, the Court will take up the admissibility and relevance of specific pieces of evidence as they are presented at trial. Accordingly, the motion is **DENIED WITHOUT PREJUDICE** at this time.

11. Plaintiff asks the Court to exclude any evidence or testimony regarding undisclosed documentary evidence of any type which was not disclosed pursuant to the federal rules and/or timely identified and included in pretrial disclosure statements. Documentary evidence not exchanged during discovery is inadmissible. Accordingly, the motion is **GRANTED**. The parties are precluded from introducing any evidence or testimony regarding documentary evidence not disclosed during discovery.

12. Plaintiff asks the Court to exclude any evidence or testimony regarding the filing or rulings on Plaintiff's Motion in Limine. Defendant does not object but asks the Court to also apply this exclusion to Plaintiff. Accordingly, the motion is **GRANTED**. The parties are prohibited from introducing evidence or testimony regarding the filing or rulings on motions in limine.

For the reasons stated above, the Court finds that Plaintiff's Motions in Limine Nos. 1-12 (ECF No. 32) should be and hereby are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED,** this 9th day of June, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge