IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREA JOHNSON                                                                  PLAINTIFF

v.                                     Case No. 4:14-cv-04078

JOHN W. WALKER, P.A.                                            DEFENDANT

**ORDER**

Before the Court are Defendant's Motions in Limine 1-7. (ECF No. 34). Plaintiff has responded. (ECF No. 48). This matter is ripe for the Court's consideration. The Motion will be granted in part and denied in part as follows:

1. Defendant asks the Court to preclude plaintiff's counsel and plaintiff's witnesses from referring to any punitive type evidence or punishment to "send a message," or to Defendant's financial status. Plaintiff objects and contends that evidence related to Plaintiff's claim for punitive damages is admissible and relevant because Plaintiff's causes of action include claims for which punitive damages are recoverable. Defendant indicates that he has simultaneously filed a motion to bifurcate the issues of liability and compensatory damages from the issue of punitive damages; however, the Court does not see that this motion has been filed. Plaintiff has pled punitive damages and there is evidence in the record to support the submission of the issue of punitive damages to the jury. Accordingly, Defendant's motion is **DENIED WITHOUT PREJUDICE**.

2. Defendant asks the Court to preclude all counsel from offering any witness to the Court to be confirmed as an "expert" when there has been no objection to the qualifications of the expert. Defendant argues that it is improper and unnecessary for counsel to "offer" a witness

1

to the Court to be confirmed as an "expert" because it suggests that the Court is commenting on the qualifications of the witness and endorsing the witness to the jury. Plaintiff has no objection. Accordingly, Defendant's motion is **GRANTED**. The parties are prohibited from offering any witness to be confirmed as an "expert" when there has been no objection to the qualifications of the expert.

3. Defendant asks the Court to preclude Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses from making or suggesting the "Golden Rule" argument, i.e., an argument which asks the jury to place itself in the position of Plaintiff, awarding to Plaintiff the amount the jurors would like to receive themselves for similar circumstances. Plaintiff does not object. Accordingly, Defendant's motion is **GRANTED**. Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses are precluded from making or suggesting the "Golden Rule" argument.

4. Defendant asks the Court to exclude any testimony as to what duty was owed by Defendant or what duty was owed by a party under certain circumstances, or what is the "law." Defendant contends that whether a duty exists is a question of law for the Court and not a question of fact for the jury. Defendant further argues that the "law" will be given by the Court through instructions, not witnesses. Plaintiff objects because one of Plaintiff's claims is breach of fiduciary duty, and whether Defendant breached his duty to Plaintiff will be an issue at trial. The Court agrees with Defendant that the issue of what duty is owed is a question of law. *Long v. Lampton*, 324 Ark. 511, 520, 922 S.W.2d 692, 698 (1996). Defendant's motion is **GRANTED**. The parties and witnesses are precluded from instructing the jury or testifying as to what duty was owed by Defendant or by a party. However, whether a fiduciary breached his fiduciary duty is a question of fact for a jury to decide, and the parties may introduce evidence as

2

to whether Defendant breached his fiduciary duty. *See Wal-Mart Stores, Inc. v. Coughlin*, 369 Ark. 365, 374, 255 S.W.3d 424, 431 (2007).

5. Defendant asks the Court to exclude any reference to a party's liability insurance or reference to liability insurance. Plaintiff does not object. Defendant's motion is **GRANTED**. The Parties and witnesses are precluded from making any reference to a party's liability insurance or reference to liability insurance.

6. Defendant asks the Court to preclude any suggestion, mention, or reference to the Model Rules of Professional Conduct. Plaintiffs contend that evidence of a failure to comply with the Model Rules of Professional Conduct can be considered, along with other evidence, in determining whether actions constitute a breach of fiduciary duty. "No cause of action should arise from a violation, nor should it create any presumption that a legal duty has been breached." *Allen v. Allison*, 155 S.W.3d 682, 690 (Ark. 2004); *Orsini v. Larry Moyer Trucking, Inc.*, 833 S.W.2d 366, 369 (Ark. 1992) (citing "Scope," Model Rules of Professional Conduct, by per curiam order of the Supreme Court of Arkansas, December 16, 1985). While Plaintiff might not intend to offer evidence of failure to comply with the Model Rules of Professional Conduct as a basis for civil liability, the evidence could create the presumption that a legal duty has been breached. The probative value of references to the Model Rules of Professional Conduct is outweighed by the unfair prejudice. Accordingly, Defendant's motion is **GRANTED**. The parties and witnesses are precluded from suggesting, mentioning, or referencing the Model Rules of Professional Conduct.

7. Defendant asks the Court to preclude any suggestion, mention, or reference to the Arkansas Committee on Professional Conduct or the complaint filed with the Committee by Plaintiff concerning Defendant. Plaintiff objects because Defendant has alleged in his Amended

Answer that Plaintiff's claims should be barred by estoppel or waiver. Plaintiff contends that her complaint with the Arkansas Committee on Professional Conduct is relevant as evidence to show that Plaintiff did not waive any of her rights, nor is she estopped from pursuing this claim. Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**. If Defendant opens the door at trial by claiming that Plaintiff has waived or is estopped from asserting her claims because she did not object or take action to resolve her dispute with Defendant, then Plaintiff can say that she complained to the Arkansas Committee on Professional Conduct. Otherwise, the parties and witnesses are prohibited from making any references to the Arkansas Committee on Professional conduct or Plaintiff's complaint filed with the Committee.

For the reasons stated above, the Court finds that Defendant's Motions in Limine Nos. 1-7 (ECF No. 34) should be and hereby are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**, this 10th day of June, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge