IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREA JOHNSON                                                                PLAINTIFF

v.                                     Case No. 4:14-cv-04078

JOHN W. WALKER, P.A.                                                          DEFENDANT

## ORDER

Before the Court is Defendant's Second Motion in Limine. (ECF No. 36). Plaintiff has responded. (ECF No. 50). This matter is ripe for the Court's consideration. The Motion will be granted in part and denied in part as follows:

### A. AEA Employees – Hearsay

Defendant seeks to preclude Ronnie and Andrea Johnson from testifying about what AEA employees told the Johnsons regarding Defendant's fee arrangement with the AEA and his verbal agreement with Plaintiff. Defendant contends that this evidence is improper hearsay. Plaintiff argues that because Defendant asserts that Plaintiff waived or is estopped from making her claims, Plaintiff should be able to present this testimony to establish that Plaintiff was making an effort to resolve her dispute with Defendant, and therefore her claims are not barred by waiver or estoppel. Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**. Ronnie and Andrea Johnson may testify that they discussed John Walker's fee arrangement with AEA employees to establish that Plaintiff was trying to resolve her dispute with Defendant; however, Ronnie and Andrea Johnson are precluded from testifying about statements made by AEA employees.

1

### B. Frank Hamilton, Mediator – Hearsay

Defendant seeks to preclude testimony from Ronnie Johnson about statements made by John Walker and Frank Hamilton, the mediator. Plaintiff argues that because Defendant asserts that Plaintiff waived or is estopped from making her claims, Plaintiff should be able to present this testimony to establish that Plaintiff was making an effort to resolve her dispute with Defendant, and therefore her claims are not barred by waiver or estoppel. Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**. Ronnie and Andrea Johnson may testify that they discussed John Walker's fee arrangement with John Walker and Frank Hamilton to establish that Plaintiff was trying to resolve her dispute with Defendant; however, Ronnie and Andrea Johnson are precluded from testifying about statements made by John Walker and Frank Hamilton in that discussion.

### C. Ronnie and Andrea Johnson – Hearsay

Defendant seeks to exclude testimony from Ronnie Johnson about statements he made to Plaintiff after he heard about the contingency fee arrangement with Defendant. Plaintiff contends that this is not hearsay. The Court disagrees that Ronnie Johnson's statements made to Plaintiff after he heard about the contingency fee are not hearsay. These statements are out-of-court statements that would be offered to prove the truth of the matter asserted. Accordingly, Defendant's motion is **GRANTED**. Ronnie Johnson is prohibited from testifying about what he said to his wife after he discovered the contingency fee arrangement.

### D. Ronnie Johnson's Inflammatory References to Criminal Acts

Defendant seeks to preclude Ronnie Johnson or any other witness from testifying that John Walker committed a "criminal act." In his deposition, Ronnie Johnson testified that it was his opinion that John Walker's actions were criminal. Plaintiff does not object to Defendant's

request. Thus, Defendant's motion is **GRANTED**. The parties and witnesses are prohibited from testifying that John Walker committed a "criminal act."

For the reasons stated above, the Court finds that Defendant's Second Motion in Limine (ECF No. 36) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**, this 10th day of June, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge